In the Matter of the Petition of CLARA M. BURD, Landlord, Respondent, to Recover Possession of Certain Property from THE CITIZENS TRUST COMPANY,

---

* Affd., 255 N. Y. ——.

as Executor, etc., of JAMES A. CANFIELD, Deceased, Tenant, Appellant, and PATCHOGUE ADVANCE, Subtenant.— Order of the County Court of Nassau county reversing the judgment of the Justice's Court of the town of Brookhaven reversed upon the law and the facts, with costs, and the judgment of the Justice's Court affirmed, with costs. In order that the landlord might terminate the tenant's rights to a renewal of the lease under the provisions thereof, it was necessary that the landlord make an unqualified offer, prior to the expiration of the lease, to purchase the building at its fair and reasonable value. There is no evidence in this record that the landlord offered so to do. On the contrary, the testimony indicates a qualified or limited offer which did not obligate her to pay the reasonable value in the event that the qualifying or limited amount specified did not constitute the reasonable value. The testimony, therefore, reveals a situation where the landlord has declined to buy the building, and that fact generated the tenant's rights to a renewal of the lease at a rental to be fixed according to the method provided therein. The trial in the Justice's Court, therefore, accorded the landlord a more favorable view of the situation than she was entitled to as a matter of law in that there was submitted to the jury a question as to whether or not the landlord had declined to buy the building, the determination of which question was to depend upon whether or not the price offered for the building by the landlord constituted the reasonable value. Upon evidence amply sustaining the result, the jury found that the proffered price did not constitute the reasonable value of the building, and, therefore, properly concluded that the landlord had declined to buy the building, which declination entitled the tenant to a renewal of the lease upon terms provided therein and, therefore, entitled the tenant to continue in possession. Lazansky, P. J., Rich, Young, Hagarty and Carswell, JJ., concur.